I remind you, this case is conducted, under the guidance of the 109steamchance. Please stand by, for there are no moments From now on the following court We are having will move on to the next case 24624N1405. Mr Wyatt, you may proceed. Thank you. Good afternoon, your honor. My name is James Levin. May it please the court. I'm arguing a case on behalf of Mr. Chaney. This issue involves the People v. Crankle case and its progeny. The first issue involves whether the trial judge failed to conduct a Crankle hearing and whether that was error. The state and defense are in agreement on this. There was error that occurred. And I will briefly go through why. There are four, at least four ways that the trial court was notified that there was a Crankle situation. Well, so that you and counsel agree about that. So that's not an issue in front of us. The only issue in front of us is, what do we do about it? Isn't that correct? And that's where you disagree. You and the state. Well, there is a partial agreement I want to do about it, too. Okay. The state and defense both agree that reversal is the proper remedy. The state and defense both agree that remand is required. Reversal of what? Or do you mean remand? Reverse and remand for a Crankle hearing. The only issue... But let's stick on this. Reverse what? Well, the... it's remand. Remand for the purpose of conducting a Crankle hearing. Okay, so we're not reversing. You're not asking us to reverse or vacate the convictions, correct? That is correct. Now, the trial court on remand may end up doing that, but I'm not asking the adult court to reverse the conviction. What I'm asking the court to do is remand, and so the state and the defense are in agreement that remand is proper here. Where the defense and the state disagree is whether or not counsel should be appointed to represent the defendant. Well, don't we need a preliminary determination made first on remand by the trial judge per Kinkle versus Crankle before there's a decision about whether new counsel should be appointed? Well... And that decision per Crankle is whether or not there was any neglect. That was never made here. Yes, so that's the state's position. The state argues that the first stage of Crankle should apply in the trial court proceedings. Okay. So to be clear, what I'm suggesting is that the second stage of Crankle should be the... Appointed counsel. Appointed counsel. And I was looking at that. But shouldn't the trial court make that initial determination after reviewing the record? We don't know trial counsel. The trial court does. That's a factor that the trial court can take into consideration in appointing counsel. The court can look at the record, look at the waiver that took place, look at all the other steps that counsel had taken during the course of the entire proceeding, and take that into consideration, together with the defendant's complaints and his specific complaint, and determine then whether or not there was neglect in appointment. Do you understand my point? I do. So why would we jump the gun and say, no, appoint counsel, when the trial court hasn't even gone through those initial steps yet? Well, Your Honor mentioned in part of the question that the trial court is familiar with the proceedings, but I'd like to point out another agreement that the defense and the state have. I know. A new attorney. A new judge. New trial judge. Right. So we both agree on that point as well. Right. So... But for your authority, you cite for your position, People v. Demas, first district case. Judge Mason was the author, Justice Mason. But you don't have any other authority besides that case for your position, isn't that correct? The People v. Cabrales case, C-A-B-R-A-L-E-S, is another case. That didn't remand, though, for an evidentiary hearing, did it? The defendant filed a motion to withdraw his plea based on ineffective assistance of counsel, and at that point the trial court conducted an evidentiary hearing. Defendant appeared pro se, and then the court denied the motion. On appeal, they argued there should be a remand for this preliminary determination about whether there was supposed to be a new attorney. Well, the relief I'm requesting here is actually a little bit narrower than asking for evidentiary hearing. What I'm asking for is purely and solely appointment of counsel, and I think that was done in Cabrales. I think counsel was appointed, the appellate court directed the trial court to appoint counsel, and I would defer to the case and defer to the briefs, but that's my understanding. I have it in my notes that both Cabrales and Demas made that holding, and so... But I would like to explain why I think this case is aligned with Demas. Well, let me just point out first, and I'll certainly give you the opportunity and would like to hear what you have to say, but Justice Mason said nothing in her case about even remanding for a hearing in front of a different judge, and there was really no discussion of any of the Supreme Court cases that were relevant and came afterwards, nothing about Jackson. She does cite Moore, but that was a 1978 case, I'm sorry, a 2003 Supreme Court case, and that was before Patrick and before Jolly. So for whatever reason, it seems like that case really stands on its own. I mean, somehow it appears that there's no discussion regarding any of the relevant Supreme Court decisions that would be applicable to this situation. Maybe they overlooked it. It's a little bit unclear because there isn't any detailed discussion about why that particular resolution was reached by Justice Mason and the panel in that case. Well, I think what they discussed in Demas is there, like this present case, the trial court jumped over the first step and went all the way over to the third step and conducted a full-blown evidentiary hearing. So I think the record here is very substantial and supports the remedy I'm requesting here because the trial judge said that this is a serious argument. That's a basic summary of the quote he made. When he says it's a serious allegation, that's equivalent to a finding of possible neglect. I mean, the standard to get to the second stage is very, very low to get appointment of counsel. The analysis is whether or not there's possible neglect of the case. And in Soro, we go to the second stage where counsel's appointed, and then counsel can decide at the trial court level how he or she wants to proceed. If the claim is totally spurious or totally frivolous, then the trial court would just deny the defendant's motion of ineffective assistance to counsel. But here we have a record that is replete with evidence that shows that this is a situation where there was possible neglect of the case. And I have briefed that quite thoroughly. And even the trial judge implicitly makes this finding of possible neglect, although he doesn't use that phraseology because, as we discussed, he didn't do a crankle hearing. But he thought it was serious enough to have a full-blown hearing where witnesses testified, where there was a closing argument, where the issue was pretty serious. The defendant said that he was pressured into waiving his right to a jury trial. And the defendant argued that what it prosaic, by the way, what he argued is that he wanted to do a bench trial because he wanted the jury to be instructed on a lesser-included offense. He happened to be convicted of burglary, but he wanted a lesser-included offense of trespass to land. Trespass to land is a Class B misdemeanor, and burglary is a Class 2 felony. And the record certainly supports the idea that criminal trespass to land is a lesser-included offense. And the theory of the case propounded by defense counsel, if we look at the closing argument, was that he was guilty of the first element, that is, the trespass to land, but not guilty of the theft element. So if defense counsel's theory were accepted by a jury, a jury could acquit of a grave offense, and find guilty of the lesser one, criminal trespass to land. And the state points out that the defense counsel had an all-or-nothing theory and that we should defer to that trial strategy. But under the People v. Proxmuth case, which I cite in the reply brief, it is the defense prerogative alone to determine whether a lesser-included offense instruction is tendered to the jury. So what we have here, and I don't have to prove that the issue is definitely meritorious and that it's accessible and that the case should be, the conviction should be reversed. I'm not asking for that. All I'm asking the court to find is possible neglect of the case. And if it's possible to neglect, then... Well, but how do we as an appellate court find possible neglect when this is something specifically that a trial court must find? Well, I don't think the appellate court in Demas did what I'm asking for. I don't think any appellate court has specifically held that the appellate court can never make a determination of possible neglect. I think the issue here is the record supports this argument very well, and I just pointed out why. The record also, you know, and I agree with the agreement between both parties that the case should be remanded for Crankle, just that your argument should be at the second stage. But the record itself, the bare record, the trial court did a pretty thorough job in taking the defendant's waiver and asked the defendant on the record whether there were any mental issues, anything causing him any concerns, and he answered in the negative. Yes, and I respectfully disagree, because I carefully reviewed the transcript of that waiver hearing, and it looked to me like the trial judge informed the defendant about the knowledge component of the waiver, but didn't inform the defendant in terms of voluntariness. Or being coerced, or... Exactly, and I discussed this in the reply brief. So I don't think the transcript rebuts this argument. Plus, the record supports the idea that the defendant, per se, doesn't have any knowledge of the law, doesn't have a lot of education, was pushing for the idea that he should be convicted of something lesser. He did have prior convictions, right? Some background? I think he may have had a background. I defer to the record on that issue. And so he was not completely divorced from experience with the law? Well, he was able to at least cite the gist of a claim, which is actually what's used under the Post-Conviction Hearing Act. So I guess I would draw an analogy to that. Well, I think we did that in People v. Downs. We drew an analogy to the Post-Conviction Hearing Act, Your point is well taken, that there was no questioning about whether or not he felt pressure. Yes. So I believe that the record doesn't rebut that. In the record, there is no colloquy involving whether or not he was giving up his right to ask for lesser included offense instruction on the criminal trespass to land. Well, I do have one question. I know you both agreed on the issue that it should be another judge. But how is another judge going to proceed on this case? Well, I would request that the other judge go ahead and appoint counsel. Okay, but will the judge have to read the record? It all depends on how trial counsel decides to approach the issue. That's definitely a possibility, but it depends on how trial counsel decides to handle it. I mean, a trial counsel could do a number of things. He may decide to pursue that issue. I raised two issues. He or she might want to pursue one of the two or both of them. I would think that trial counsel would want to pursue both of them. I would imagine the judge would need to review the record. That's a possibility. But I can't say for certain whether that would be. It all depends on how trial counsel conducts the proceedings. And so I don't know if I'm out of time or not. I did hear a big thing. You can finish your thought. Okay, so in conclusion, I would say I would ask the court to see Dimas and Cabrales one more time. I would ask the court to find there's no precedent that supports the state's position that the appellate court can never direct a trial court to appoint counsel. I didn't see any case law on that. I don't think the state has cited any. And I think the record supports my argument here because these are non-frivolous issues. It's definitely the gist of the meritorious claim that the defendant was pressured into waiving a jury, and that the defendant, with very little education, at least said he thought the evidence supported the idea to be convicted of the class B misdemeanor rather than the greater offense of burglary. Thank you so much. Thank you. Good afternoon, Your Honors. Diane Campbell representing the people. I'll first address the need for a new initial crankle hearing. The Cabrales case was in 2001. That's well before the sort of case law development on the crankle issue. Demuse is a first district appellate court case. It appears to be an aberration. If Your Honors wanted to follow the first district appellate court, I would recommend following the case of Jackson, which is also a 2016 case. The state conceded that there was an improper crankle. The court expressed its appreciation for candor and remanded for a new preliminary crankle hearing inquiry. And it mentions that at two places, at both 76 and 82. But more important than the first district appellate court cases are the binding precedent, which occurs in the Illinois Supreme Court and other cases by this court. First of all, there's Ayers, which is a 2017 Illinois Supreme Court. At 26, they remanded for a preliminary crankle. In Jolly, which is a 2014 Illinois Supreme Court, at 46, they remanded for a new preliminary crankle before a different judge. That kind of case cites fields by this court, which is a 2013 case. In any of those cases, as counsel pointed out, did the trial court make a finding that the issue is very serious? The issue raised by the defendant pro se is very serious? I think I'm trying to remember specifically. I have vague memories of one of the cases where the judge considered the issue and made a ruling, but it was against the ineffective assistance of counsel claim. And in that case, the court said that it was a manifestly erroneous because the court had reached a conclusion on the case. In this case, I can't recall that happening, but I can give you a few other case sites where it always says it goes back for the preliminary crankle. In Cabrales, though, which we've talked about a couple times now, we remanded for further proceedings in accordance with Jackson, which indicated Jackson required a preliminary crankle hearing. So there wasn't a step that was skipped there. It was remanded, if you read the opinion closely, for a preliminary crankle hearing. They also mentioned in Cabrales they were remanding for proceedings on the motion to withdraw his guilty plea. So I think, you know, at the time of Cabrales, maybe the crankle issue wasn't as fully developed at this point. That's at page six in Cabrales. Well, is the fact that the trial court here may have indicated that the allegations were serious the equivalent of either an explicit or implicit finding of possible neglect? I would disagree. In this case, had the judge followed the proper crankle procedure, he would have discussed the defendant's issues with him, which he did in part. And then instead of having the defense counsel called by the state and questioned by the state, which put it into the adversarial position, which requires the crankle remand, presumably had the judge been questioning defense counsel instead of the assistant state's attorney, he would have asked essentially the same questions. Did he say these things, et cetera? Yeah, he would have gotten essentially the same information. And it is on that information that the trial judge denied the claim about in that regard. Since it's a new judge, the new judge should have that first opportunity to question counsel. Is that your position? Yes, it is. Well, how is the new judge going to proceed? According to the crankle case law, when the judge is making that preliminary determination, he has three avenues for investigation. One is to discuss it with the defendant. The second is to question defense counsel and ascertain the facts and circumstances surrounding the defendant's claims. And the third, the judge can rely on his own knowledge of the case. This, if it goes before a different judge, would not be applicable. But in other cases, the court has referred to transcripts. In this case, Judge Versanti did review the jury waiver. I think Justice Burkett noted that, and that is at 54 to 57. So the courts in other proceedings have referred to trial transcripts if they desire to do so. Certainly in this case, the best avenue is going to be the discussion with the defendant and the discussion with defense counsel. Well, you said there are three avenues. Right. It would seem like the first two avenues would almost go hand in hand because the defendant will identify his problem and the judge will turn to defense counsel and say, Ms. Hawkins, whatever. Exactly. But, I mean, if, and there's nothing that says you can't do all three if the judge really wanted to be prepared. So I guess my question is, why, since we have done that, we've done exactly, you know, we've read the record that's been presented of the trial. We have heard the arguments. We've heard the answers that counsel gave, notwithstanding the fact that they were improperly presented. Why should we then go through that process or have a trial court go through that process? Is it just to learn the process or is it to actually do something that we can't do? The case law says that the objective of having the preliminary crank up proceeding is to allow the defendant to express and flesh out his concerns and then for the trial court to create an objective record. So I would say that in this case, because of the way that the proceedings went and the judges essentially having a hearing with some adversarial, that the judge had enough information, I think, in this case to validly reject the defendant's claims. So if your honors chose to do that, I would not object to that. I think that it's proven. Well, Supreme Court precedent precludes us from doing that. That would be my. We have no out. Yeah. We must reverse or take that back, remand for at least a preliminary crank up proceeding. Yeah. I cannot remember the case that it's cited somewhere in the briefs because I remember looking at it, but they had said, you know, when the court actually came to a conclusion on the issue, then it was a manifestly erroneous standard. I'm sorry. I can't remember which case that was. But the reason that I confess error is because all of the case law, including the Illinois Supreme Court, says the remand is for a preliminary crank up proceeding. I don't have. And your honor acknowledges that we don't have the opportunity or license to, you know. Trump their president. So. I didn't find any case that. Except for which is an aberration and contradicts another first district appellate court that held that. The only thing in indeed in Cabrales, you know, they sent it back for a preliminary crank up. So I think that's pretty much a done issue. And I disagree with counsel that appointing counsel should be appointed in this case. I think if you're looking at the fact that the court is required to remand for a preliminary crank up, the findings in this case are rooted out. You know, if if you're required to remand them and we're acknowledging that there was error in the way this was conducted, you know, how then do you kind of say, you know, we're going to ignore all that error and. Accept it, you know. So do we vacate the court's rulings on the motions? The motion for judgment notwithstanding the verdict and new trial. And remand and he ruled on the other motions that the pro se defendant argued. So do we vacate all of those rulings when we remand? I think that is an issue for the trial judge to consider. In this case. It is somewhat similar to. I think it is Buchanan where the court became the. In Buchanan. Which is a case from this court in 2013. The court actually affirmed the trial court's finding that on the critical issue, what it remanded was for proceedings on the defendant's motion to withdraw his guilty plea. In that case, the court said that upon its conclusion that the defendant rejecting the defendant's pro se claims of ineffective assistance in finding without merit, the trial court should have clearly informed the defendant that he was not entitled to conflict counsel and then allow him in this case. It seems to be somewhat procedurally similar to that in that after. Well, because of the mixing or amalgamation of the two proceedings, you know, once his ineffective assistance of counsel claims are rejected, then I don't know what what step could be taken at that point. But first, you have to get to that point. This defendant has the right to go and make the presentation. I'm assuming because of the knowledge that I have from the record and the hearing that the court will find that the defendant's claims are without merit. But let's assume that the trial court finds otherwise. OK, then. And then there's right. So then what happens? Then under Krinkle and the cases, if the if the trial judge finds the defendant's pro se claims to be with merit at that point, he appoints counsel. OK, and then what? And then counsel will file whatever motions the defendant will have the aid of appointed counsel in filing his motions at that point. His motions to do what? I think that would include the jury waiver issue, you know, anything else that he wanted to raise and that including the ineffective assistance of counsel claims. OK, but then we still had a motion for judgment, notwithstanding the verdict and new trial that the pro se defendant himself argued and wouldn't necessarily have argued if the proper Krinkle procedure was followed. Right. So I guess my question is, in remanding this, do we also vacate that ruling? Or do does the trial court down the road, if the circumstances merit, then go back to it? I guess I'm a little unsure of how that procedurally would. My recollection of the case law, and I cannot remember off the top of my head which case it is, is that it's in one of the cases. The court noted that the defendant had prematurely been assigned to new counsel and when it was on a remand and had indicated that that counsel could help defendant, you know, in whatever issues. I think it's from my recollection of the case law, it may not be well settled. Here, the defendant elected to go ahead and proceed pro se on the remainder of his motion. Correct, yes. Did the trial court offer to reappoint? The defendant said that he did not want to be represented by the public defender. He then asked for a bond reduction so he could hire private counsel and the trial judge rejected that but gave him time to try and go out and hire private counsel. He was not able to do so. He came back in and still wanted to go pro se and not have the public defender help him. And then procedurally, the judge should have first heard the crankle inquiry and come to a conclusion on that and then perhaps express to the defendant, do you still want to proceed pro se? But given the record here and defendant's antagonism and dissatisfaction with his counsel, I cannot see... I'm a little cold and I'm losing my voice. But my recollection is that, from the record, that he certainly would not have accepted the help of his defense counsel. And, you know, if the court finds lack of merit to the ineffective assistance claim, he has no obligation to appoint new counsel. All right. Thank you. Mr. Lovell. I just have a couple of points in response. Let's say your honor is remanded to the trial court and gets before the trial court and the trial court decides to deny the claim without appointment of counsel. I think it would be highly likely that appellate counsel will raise the issue that the gist of the meritorious claim had been raised. And the same issue that I'm arguing will be up before the appellate court again. So I think there is some grounds on conservation of judicial resources to just simply appoint a counsel and just have a fair hearing at that point, rather than have a multilayered proceeding where it goes before the trial court, comes back to the appellate court, and the appellate court possibly remanding back to the trial court. And then the trial court decision might be appealed again to the appellate court. Or I could see, without appointment of counsel, how this could snowball into a lot of proceedings. And the other point I have is I respectfully disagree that the standard is whether or not the pro se claim is with merit. I think the standard is really a lot lower. It's really possible neglect. Possible neglect. And the appellate court, if it remands to direct the trial court to appoint counsel, for lack of a better legal term, I don't think it's that earth shattering because the trial court has implicitly done this already. The appellate court would just be effectuating what the trial court has already done. The trial court made an implicit finding of possible neglect by saying this was a very serious issue, by allowing direct examination across examination of witnesses, by having a long hearing, by having closing arguments. And I also respond to counsel's point that the purpose of determining whether to appoint an attorney by the trial court, the trial court has to flesh out the concerns of the defendant, create an objective record. But that's been done already. We have the record already. The defendant did flesh out his concerns and an objective record has been created. The full blown hearing was not fair because the pro se defendant here did not have an attorney representing him. The record could not be fully fleshed out. And that's simply what I'm asking for here is a fair hearing with a trial counsel, whatever the trial counsel decides to do. So that's it. And thank you very much. Thank you. Thank both parties for their arguments. The case will be taken under consideration. The written decision will be issued in court. That's the last case of the day. Court is adjourned. Thank you.